## CORNELIUS COYLE v. THE A. A. GRIFFING IRON COMPANY.

Argued June 8, 1898—Decided November 7, 1898.

1. The single issue presented in the charge of the court was whether a master had exercised reasonable care in inspecting the machine on which plaintiff was working. Plaintiff was employed to run a facing and tubing machine, and he testified that while oiling the machine one of the bolts which belonged to the shifter or guide was out, which caused the loosening of the shifter, and its shaking and moving back and forth and the shifting of the belt from the tight pulley to the other pulley which resulted in his injury; that after he was hurt he noticed for the first time that there was only one bolt in it, when there should have been two. Defendant's evidence showed that the two bolts were in the guide in proper place and condition at the time and after the accident; that they had never been out or loose, and could not, as constructed and braced, get out of the guide where they belonged, and that from time to time the machine had been properly and practically inspected by four competent and skilled machinists. *Held*, that a verdict for the plaintiff should be set aside as the result of mistake or prejudice.

2. If the plaintiff's statement be taken as true, the dropping out or loss of the bolt, under the circumstances, and in view of the inspection of the machine, must have been instantaneous, and, therefore, an unavoidable accident, the risk of which he assumed in his employment.

On rule to show cause.

Before Justices DIXON, LUDLOW and COLLINS.

For the rule, *James B. Vredenburgh.*

Contra, *Queen & Tennant.*

The opinion of the court was delivered by

LUDLOW, J. On the trial of the case at Circuit the court so dealt with it as to cause it to be submitted to and determined by the jury upon a single issue presented in the charge to the jury, as follows: "There is one element of negligence

in the case which should be submitted to you for your consideration, and all other contentions and all other elements of negligence on the part of the defendant can be disregarded by you. The question now for your examination and your determination is whether the defendant, whilst the plaintiff was engaged in the operation of this machine, exercised reasonable care in its inspection, to keep it reasonably safe for him to work at."

The facts of this case, briefly stated, are these: The defendant was a manufacturer of steam radiators, and employed the plaintiff in its factory to run one of its facing and tubing machines up to November 23d, 1896, for about a year. This machine was supplied with and did its work through beltings and pulleys which brought power from overhead shaftings to its cogs, pinions, gearing and other apparatus for work. Whenever it was necessary to stop any part of the machine workings, the proper belting would be shifted from one pulley to another. This was done by means of a shifter and lever which was fastened to the cross-piece on the machine, made of iron or steel, and an iron guide also fastened to the cross-piece by two machine-bolts. The belts went through the guides and were held in place thereby. The defendant bought this machine and set it up about four years before Coyle went to work on it. This machine, with its cogs, pinions, wheels, gearing and belting, and rapid movement, when at work, was, of course, dangerous, and particularly was it dangerous to the person operating it, when he was engaged in oiling it, which it was his duty to do twice in every week. The machine was about thirty-one inches high and about four feet wide, and all its main working parts were open to the view of the person operating it. The plaintiff, Coyle, ran this machine off and on for about a year, and on the 23d day of November, 1896, as he says, while he was oiling it, and just as he had filled the oil tubes and was tightening the plugs in the tubes, a belt which had been shoved by him, before he began the oiling, from a pulley over on another pulley, suddenly jumped from the latter

pulley and slipped to the said other pulley from which it had been shoved, and started an inside pulley and set in motion the part of the machine he was oiling and ran it up to a great speed, and one of the spokes of the pulley struck his left hand down and knocked it into the gearing between the pinion and the large cogs, and it was there caught and crushed and mangled so as to be utterly useless. Coyle was the only witness of this occurrence. He says he jerked or pulled out his left hand with the aid of his right and partially fell sideways toward the floor, crying out that his hand was hurt, and he was helped or picked up by one Hodge, the machinist, and assisted to the office, and in a half hour was carried in an ambulance to a hospital, where he remained for some time. Mr. Coyle, in his testimony, states that when he pulled his hand out he noticed that the shifter or guide on the machine which kept the belts in place was loose, and that there was only one bolt in it, when there should have been two, and that this shifter was shaking back and forth, and that he had never seen it loose or shaking before that time. Afterwards, on cross-examination, he said he thought there was only one bolt in the shifter or guide when there should be two. After he was hurt, he says he noticed for the first time that there was one bolt in the shifter or guide, and a hole for another bolt. The plaintiff relied entirely, as the only ground of his action, on the alleged fact that one of the bolts which belonged in the shifter or guide was out which caused the loosening of the shifter and its shaking and moving back and forth, and the shifting of the belt from the tight pulley to said other pulley which resulted in his hurt, and that this condition of things had been brought about by the failure of the defendant to exercise reasonable care in the inspection of this machine to keep it reasonably safe for the plaintiff to work at. This allegation required proof, and the burden of that proof rested on the plaintiff. The court had instructed the jury that there was no negligence or want of care shown as against the defendant in furnishing proper and reasonably safe machinery for the plaintiff's use, and submitted

to the jury, as the only issue for their consideration, the question of proper inspection of the machinery which I have before stated.   It is clearly proved by the evidence, the sworn testimony in the case before us, that the machine was in perfect condition and working order when the plaintiff oiled it on the 23d of November, 1896, and that it had the two bolts in the said shifter or guide when it was bought and set up in the factory, and that these two bolts were in that shifter or guide, in proper place and condition, on said November 23d, 1896, at and after the accident to the plaintiff, and that they or either of them had never been out or loose since the machine was bought, and could not, as constructed and braced, get out of that shifter or guide where they belonged ; that they had not received or needed any repairs from the time the machine was set up, and that those same two bolts which were in that machine on the 23d day of November, were the original bolts furnished and fastened in the shifter or guide by the maker of the machine, and were in it when it was delivered to the company, and that from its delivery and setting up from time to time, and continuously up to the time of the trial, that machine had been properly and practically inspected by competent and skilled practical machinists, officers, agents and employes of the company, at least four in all, whose competency in the matter of its inspection has not been questioned in this case.   The clear weight of the evidence, the sworn testimony, without any material contradiction, on the said issue submitted to the jury, is decidedly in favor of the defendant.   The verdict of the jury must have been the result of mistake or prejudice on their part.

It may not be amiss further to say that if the plaintiff's statement of the occurrence be taken as true, the dropping out or loss of the bolt which is said to have caused the injury, must, under the circumstances of the case, and in view of the inspection of the machine as shown in the evidence, have been instantaneous and while the oiling was being done, the plaintiff himself, as he said, as he worked it from time to time, made observations of the machine, and did not discover, and

never before discovered, the absence of the bolt until after he was hurt. It must therefore be conceded that no sort of reasonable inspection would have guarded against such an unexplainable and instantaneous event. By the plaintiff's own showing, the undiscoverable and sudden departure of the bolt would have been and must be considered as an unavoidable accident, the risk of which was assumed by the plaintiff in his employment, and for which the defendant would not be legally liable.

The rule to show cause is made absolute.